UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUINCIE V. BULLOCKS,

    Plaintiff,

v.                                                Case No. 04-C-0249

ALEXIAN VILLAGE OF MILWAUKEE, INC.,

    Defendant.

**ORDER**

On August 19, 2005, the defendant in this action filed a motion for summary judgment. Because Quincie V. Bullocks, the plaintiff in this action, is proceeding pro se, Civil Local Rule 56.1, as amended on April 7, 2003, applies to the defendant's motion for summary judgment. Civil Local Rule 56.1 provides in pertinent part:

> (a) If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
>
>     (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
>     (2) In addition to the forgoing statement, the text to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

The defendant's motion for summary judgment does not contain the text of Civil L.R. 56.2 as required by Civil L.R. 56.1. Furthermore, the defendant's motion for summary judgment does not

comply with Civil L.R. 56.2(a). Therefore, the court will deny the defendant's motion for summary judgment without prejudice.

To reinstate its motion for summary judgment, the defendant need not refile all of the papers filed on August 19th. Rather, the defendant may file either proposed findings of fact or a stipulation of facts, and a notice of refiling which contains the statement and text required by Civil L.R. 56.1, and which is properly served on the plaintiff. The court will deem this filing to constitute the filing of a motion for summary judgment, and at that point the time periods provided by rule for filing a response and a reply to a motion for summary judgment will commence to run.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for summary judgment be and hereby is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 30th day of August 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge